```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **HAKEEM SMITH,** | No. 16-cv-8346 (NLH) (JS) |
| **Plaintiff,** | |
| v. | OPINION |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS COMMISSIONER GARY LANIGAN, et al.,** | |
| **Defendant.** | |

APPEARANCES:
Hakeem Smith, #934006B
Bayside State Prison
4293 Route 47
P.O. Box F-2
Leesburg, NJ 08327
    Plaintiff Pro se

HILLMAN, District Judge

　　Plaintiff Hakeem Smith, a prisoner previously incarcerated at Bayside State Prison in Leesburg, New Jersey,[1] seeks to bring an Eighth Amendment claim pursuant to 42. U.S.C. § 1983, against N.J. Department of Corrections Commissioner Gary Lanigan and Bayside State Prison Administrator John Powell.

　　At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be

---

[1] Plaintiff filed a notice of change of address form on November 13, 2017, in anticipation of his release from prison on December 1, 2017. Dkt. No. 3. The Department of Correction's Offender Search Form, available at https://www20.state.nj.us/DOC_Inmate/inmatesearch, confirms that Plaintiff was released on December 1, 2017.

1

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend. 28 U.S.C. § 1915(e)(2)(b)(ii).

BACKGROUND

Plaintiff filed his Complaint on November 7, 2016, ECF No. 1. In it, Plaintiff alleges that on February 24, 2016, while sleeping on the top bunk to which he was assigned at Bayside State Prison, he fell off and was injured by his fall. ECF No. 1 at 6. Plaintiff is presently receiving physical therapy to return function to his left arm and is scheduled for further medical appointments at Saint Francis Hospital, including an MRI.[2] ECF No. 1 at 7.

Plaintiff states that persons of smaller stature have difficulty accessing the top bunk and that the design of the bunk beds does not meet standard code regulations. ECF No. 1 at 6. As a result, the bunk beds are highly dangerous, which, he alleges, violates the Eighth Amendment's protection against cruel and usual punishment as well as New Jersey's

---

[2] Plaintiff does not appear to assert a claim regarding the adequacy of the medical care that he is receiving for his injury.

2

responsibility to ensure Plaintiff's safety. Id. Plaintiff requests monetary damages to compensate him for his injury and requests that the bunk beds be reconstructed to prevent further injury. Id. at 8.

STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis. See ECF No. 2 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

In his Complaint, Plaintiff alleges that the bunk beds, specifically the top bunk, constitute cruel and unusual punishment. To assert a claim for cruel and unusual punishment regarding the conditions of confinement under the Eighth Amendment, a plaintiff must allege that (1) the conditions are "objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities; and (2) the official responsible for the conditions must exhibit a "sufficiently culpable state of mind" akin to "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Here, Plaintiff fails to allege that the condition of the top bunk is so sufficiently serious so as to result in the denial of a civilized life's necessities and that the defendants had the requisite state of mind. Further, Plaintiff fails to allege the requisite state of mind. To do so, Plaintiff would need to allege that he notified the Defendants of his difficulty accessing the top bunk, and that Defendants then acted in a

manner deliberately indifferent to Plaintiff's need.  See Jones
v. Cty. Jail C.F.C.F., 610 F. App'x 167, 169 (3d Cir. 2015).

The Court notes that other courts have continually held
that claims regarding bunk bed access, lack of a railing, and/or
falls from the top bunk are insufficient to violate the Eighth
Amendment.  See, e.g., Brown v. Pastrana, 446 F. App'x 270, 272
(11th Cir. 2011) (per curiam) (finding that sleeping on the top
bunk without a railing or panic button does not violate the
Eighth Amendment); Franco-Calzada v. United States, 375 F. App'x
217, 218-19 (3d Cir. 2010) (finding that claims regarding faulty
bunk bed ladder insufficient to violate the Eighth Amendment);
Tutora v. Sweeney, No. 14-cv-4458, 2014 WL 7059086, at *2 (E.D.
Pa. Dec. 15, 2014) (finding that lack of railing or ladder for
top bunk does not violate the Eighth Amendment) (citing
additional district court cases).  Given Plaintiff's pleading
deficiencies as well as this established case law, Plaintiff has
failed to state a claim upon which relief may be granted as to
the Eighth Amendment.

Generally, "plaintiffs who file complaints subject to
dismissal under [§ 1915] should receive leave to amend unless
amendment would be inequitable or futile." Grayson v. Mayview
State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will
grant leave to amend in order to allow Plaintiff an opportunity
to cure his pleading deficiencies as described supra.

Plaintiff also appears to plead claims pursuant the New Jersey Tort Claims Act ("TCA"), N.J. Rev. Stat. § 59:1-1 et seq., and the New Jersey Civil Rights Act ("NJCRA"), N.J. Rev. Stat. § 10:6-2. To the extent that he does, the Court declines to exercise supplemental jurisdiction over them in light of the dismissal of the federal claim on which jurisdiction is based.[3] See 28 U.S.C. § 1367(c)(3).

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.


Dated: December 21, 2017    s/ Noel L. Hillman
At Camden, New Jersey    NOEL L. HILLMAN, U.S.D.J.

---

[3] If Plaintiff files an amended complaint that alleges a cognizable federal claim, the Court will exercise supplemental jurisdiction over any state law claims that proceed.